IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY JONES | * | |
| v. | * | CIVIL ACTION NO. CCB-13-656 |
| | | CRIMINAL NO. CCB-11-390 |
| UNITED STATES OF AMERICA | * | |

***

## **MEMORANDUM**

Procedural History

On March 15, 2012, Larry Jones ("Jones") was sentenced to a 37-month term of incarceration as to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Judgment was entered on March 16, 2012. *See United States v. Jones*, Criminal No. CCB-11-0390, ECF No. 34.[1] No appeal was filed. At the time of sentencing Jones was serving an 18-month term for violating his state probation, which commenced on May 3, 2011. ECF No. 31.

On February 28, 2013, the court received Jones's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In the motion, dated February 24, 2013, Jones claims that his "anti-shuttling" rights under the Interstate Agreement on Detainers ("IAD") were violated when he was transported from state custody for arraignment to federal court in Baltimore, Maryland and then brought back to state prison prior to federal trial. *See* ECF No. 37, at 4. He seemingly contends that it was the federal government's obligation to complete trial before returning him to serve his state sentence. Jones further argues that his counsel was ineffective for the failure to raise the violation of the "anti-shuttling act" at sentencing or on appeal. He concludes that this violation of the IAD mandates the dismissal of his federal indictment.

The court entered a writ of habeas corpus ad prosequendum on December 22, 2011, to secure Jones's appearance at re-arraignment. He was rearraigned and entered a plea before the undersigned on January 17, 2012. On February 16, 2012, a writ ad prosequendum was entered to obtain Jones's appearance at sentencing. Pursuant to that writ, Jones was brought before this court on March 15, 2012. He was sentenced to 37 months with three years supervised release and ordered to pay a special assessment of $100.

Jones contends that the court violated the anti-shuttling provisions of Article IV(e) of the IAD, 18 U.S.C., app. 2 § 2. He argues that the language of the IAD mandates dismissal of his federal indictment because he was "shuttled" between state and federal custody during the pendency of his criminal case. Additionally, Jones alleges that his counsel was ineffective for failing to raise this issue with the court at sentencing and on appeal. Under the facts of this case, the court finds no merit to Jones's claims and shall dismiss the § 2255 motion.

Analysis

The IAD is a compact among 48 states, the United States, and the District of Columbia. Its purpose is

> to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purposes of this agreement to provide such cooperative procedures.

18 U.S.C. app. 2, § 2, Art. I.

To effectuate these purposes, the IAD provides for two methods of disposing of "untried indictments, informations, or complaints" and their related detainers. The first method, invoked by

---

[1] All record references are to the captioned criminal docket No. 11-390.

the prisoner, is a request for final disposition under Article III. The second method, invoked by a party state, is a request for temporary custody or availability under Article IV.

In this case, the United States, as a party to the IAD, brought a request under Article IV(a), which states:

> The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated.

18 U.S.C. app. 2, § 2, Art. IV(a). Jones argues that the government's actions violate Article IV(e) of the IAD, which provides:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. app. 2, § 2, Art. IV(e).

Jones cannot obtain relief under 18 U.S.C. § 2255 for a violation of the anti-shuttling provisions of the IAD. "Only those statutory rights of a fundamental nature closely related to constitutionally secured rights to fair prosecution and adjudication should be subject to vindication by collateral review of criminal convictions." *Bush v. Muncy*, 659 F.2d 402, 409 (4th Cir. 1981). The anti-shuttling provisions or "trial before return" provisions of the IAD do not involve a "fundamental right historically considered critical to the protection of the criminal accused against unfair prosecution and trial by the state." *Id.* Thus, violations of these provisions are not remediable on habeas review. *See also Pethtel v. Ballard*, 617 F.3d 299, 304 (4th Cir. 2010).

Moreover, even assuming Jones was returned to his out-of-state sentence after re-arraignment, plea, and sentencing, the actions of the government do not violate the IAD, because "trial" as used in the anti-shuttling provisions of the IAD does not include sentencing. *See United States v. Coleman*, 905 F.2d 330, 331-32 (10th Cir. 1990)

The Sixth Amendment right to counsel encompasses the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, Jones must show (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that counsel's unreasonable errors had a prejudicial effect on his defense. *Id.* at 687-88.  Both prongs must be met to establish ineffective assistance of counsel.  *Id.* at 687. The court need not reach Jones's ineffective assistance of counsel claim because it is based solely upon Jones's counsel's failure to raise the alleged IAD violation.

An inmate who files a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

Jones has not made the required showing and the court declines to issue a certificate of appealability. His motion to vacate will be dismissed with prejudice. A separate Order shall be entered reflecting the opinion set out herein.

Date: March 14, 2013              _____/s/_____
                                  Catherine C. Blake
                                  United States District Judge